STEVENSON, J.
In this appeal, a negligence plaintiff contends that the trial court abused its discretion in (1) denying his motion for a new trial on damages following a verdict awarding $8,081.38 for past medical expenses and nothing for past pain and suffering and (2) in permitting him to be impeached with convictions that took place more than ten years prior to the trial. We find no abuse of discretion in either ruling and affirm.
After his August 1992 fall down an escalator at the J.C. Penney store in the Palm Beach Mall, Joseph Earl Trowell filed a negligence action seeking damages for injury to his knees. J.C. Penney did not *1043 timely answer the complaint, and a default was entered. Consequently, a trial was held on the damages issue alone.
Prior to the 1992 fall at J.C. Penney, Trowell had sustained a number of injuries to his knees and had already undergone five knee surgeries. Additionally, in October 1992, approximately two months after the J.C. Penney fall, Trowell visited his treating physician, complaining of left and right knee pain and explaining that his car was stolen, that he fell, and was taken to St. Mary’s. Thus, the critical issue at trial was whether the J.C. Penney fall necessitated the post 1992 surgeries. At the conclusion of the trial, the jury awarded Tro-well only $8,081.38 in medical expenses and nothing for pain and suffering. Tro-well filed a motion for new trial on damages, arguing that the verdict was inadequate because he had incurred more than $50,000 in medical expenses and because the jury had awarded no pain and suffering damages. The trial court denied his motion, and this appeal followed.
In his first point on appeal, Tro-well challenges the trial court’s denial of his motion for new trial. Trial judges, however, have broad discretion in ruling on post-trial motions concerning the amount of damages and we do not find that discretion has been abused here. See Beauvais v. Edell, 760 So.2d 262, 264-65 (Fla. 4th DCA 2000)(en banc)(finding no abuse of discretion in trial court’s refusal to grant motion for new trial or additur where the jury returned a verdict in the exact amount of the plaintiffs medical expenses and assumedly nothing for pain and suffering), review denied, 780 So.2d 912 (Fla.2001); see also Kmart Corp. v. Bracho, 776 So.2d 342, 343 (Fla. 3d DCA 2001)(holding that new trial was not required where the jury awarded past and future medical expenses and nothing for pain and suffering as “the gross verdict ... is an eminently fair one”).
Next, Trowell suggests that he is entitled to a new trial on damages because the trial court erred in ruling that he could be impeached with convictions that took place more than ten years prior to the trial. See § 90.610, Fla. Stat. (2000). The record on appeal reflects that Trowell has convictions for felonies and crimes involving dishonesty dating as far back as November 1974. The judge ruled that convictions between the years 1990 and 1982 were admissible, commenting that he did not see “any evidence of reform.” Trowell argues that any conviction that took place more than ten years prior to the trial is simply too remote in time to be relevant and that any probative value is outweighed by the prejudicial effect.
In support of his position, Trowell largely focuses on the fact that the federal rules of evidence draw a bright-line at ten years. Federal Rule of Evidence 609(2)(b) provides that if more than ten years have passed since the date of the conviction or the witness’s release from confinement, then the conviction may not be used for impeachment purposes absent a showing that “the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.” The law, however, is simply not the same in Florida. Section 90.610, Florida Statutes, contains no such time limitation. In fact, the notes from the Law Revision Counsel, published with the annotated version of section 90.610, Florida Statutes, clearly reflect that the committee expressly declined to adopt “an arbitrary number of years” to be used in assessing remoteness and admissibility.
We also reject Trowell’s claim that it was error for the trial court to look to the continuing nature of the offenses and the absence of any indication of rehabilita *1044 tion in considering remoteness. The statute directs the court to determine whether the past convictions have a bearing on the present character of the witness. Evidence of theft and shoplifting convictions in the early 1980s with no subsequent convictions would tend to suggest that the witness no longer has a propensity toward dishonesty, and thus such convictions would have little or no bearing on his present character. Evidence of a continuing pattern of theft convictions tends to suggest that the appellant’s character in this regard remains unchanged. See Children’s Palace, Inc. v. Johnson, 609 So.2d 755 (Fla. 1st DCA1992). In short, we find no abuse of discretion in the trial judge’s ruling.
Accordingly, the judgment on review is AFFIRMED.
TAYLOR, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.