855 So.2d 134 (2003)
John Glen PRYOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1438.
District Court of Appeal of Florida, First District.
August 12, 2003.
Rehearing Denied September 30, 2003.
*135 Nancy A. Daniels, Public Defender and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Anne C. Toolan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
HAWKES, J.
This is an appeal from a conviction of first degree murder following a jury trial. Appellant, John Pryor, raises two issues for our consideration. The first is whether the trial judge erred by excluding certified copies of a State witness's criminal convictions. The witness falsely testified as to the number and nature of his prior felony convictions on both direct and cross examination. In the defense's case in chief, defense counsel attempted to introduce certified copies of the prior convictions, but the court sustained the State's objection and excluded the records. The second issue is whether Appellant's attorney impermissibly conceded guilt to the jury. Since we find the first issue meritorious, it is unnecessary to reach the second. We reverse Appellant's conviction and remand for a new trial.

Factual Background
The State, in an apparent attempt to ameliorate the expected effect of the anticipated evidence, asked their eye witness, Robert Lee Gilbert (Gilbert) on direct examination whether he had prior convictions. Gilbert testified "it's been about 6 or 7 times, mostly for DUI and driving with no license and stuff like that." On cross, defense counsel asked Gilbert the number of his prior felony convictions. Gilbert replied "It's been about 5 DUIs." Defense counsel asked: "DUI is not always a felony, are you counting that as a felony?" Gilbert replied: "Yeah, that's after so many of them you go [sic], you know, they turn them into felony [sic] now. It's a felony now if I just drive." Defense counsel asked: "So you've got maybe 5 or 6 or 7 felony convictions?" Gilbert responded: "That's why I don't get up under the wheel of a vehicle. If I go anywhere I get somebody to carry me."
*136 After the State rested, Appellant sought to introduce into evidence certified copies of Gilbert's eight felony convictions. The convictions were for: (1) breaking and entering with the intent to commit a misdemeanor, 1967; (2) possession and sale of a controlled substance, 1980; (3) escape, 1985; (4) felony DUI, 1989; (5) battery on a law enforcement officer, 1993; (6) aggravated assault, 1997; (7) felony driving while licence revoked, 1999 and (8) aggravated assault, 1999. The State strenuously objected to the introduction of these convictions for various reasons, including the procedure used to introduce the records, and that the certified copies of convictions were Gilbert's. Appellant argued Gilbert failed to answer the question correctly, and thus the defense was entitled to introduce the documents.
The trial judge, after finding the convictions were Gilbert's, concluded the prejudicial effect to the State, of placing the certified copies into evidence, would substantially outweigh their probative value. The court went on to find the 1967 conviction was too remote in time to be used for impeachment. We address two aspects of the court's ruling: the exclusion of the certified copies of conviction, and the finding that the 1967 conviction was too remote to use as impeachment.

Discussion
The rule is simple. Certified copies of prior convictions are admissible to impeach a witness who falsely testifies as to the number of crimes for which he has been convicted. See § 90.610(1), Fla. Stat. (2001). The witness testifies falsely when the answer varies from the actual number of prior convictions. Thus, a witness who estimates the number of convictions, either above or below the actual number, testifies falsely and the certified copies are admissible.[1]See Perez v. State, 648 So.2d 715 (Fla.1995). Gilbert testified falsely by giving several different answers to questions regarding his past convictions. This false testimony permits the admission of the certified copies.
Not only did Gilbert testify falsely about the number of prior felony convictions, he also lied about the nature of those convictions. Gilbert was not the inoffensive town drunk he passed himself off to be. Where a witness attempts to mislead or delude the jury about his prior convictions, the witness is subject to further questioning concerning his convictions "in order to negate any false impression given." Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992). The trial court's ruling on the admissibility of Gilbert's criminal history kept crucial information from the jury and prevented the defense from emphasizing Gilbert's actual criminal background in response to the State's closing argument, which referred to Gilbert as a "drunk" who "told the truth."
We next turn to the trial judge's finding that the 1967 conviction was too remote for use as impeachment evidence. In a civil trial, the test for exclusion of this evidence due to remoteness is a requirement that the prior conviction be so remote in time as to have no bearing on the present character of a witness. See § 90.610(1)(a), Fla. Stat. (2001). However, section 90.610 does not provide for exclusion of evidence of even remote convictions *137 in a criminal trial. See § 90.610(1)(a), Fla. Stat.; Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991) (noting that, although section 90.610(1), "precludes evidence in a civil trial of a conviction so remote in time as to have no bearing on the present character of a witness, it does not prohibit such evidence in a criminal trial."). Although not statutorily recognized in section 90.610, the possibility of remoteness as a basis for exclusion in a criminal case has been recognized by our Supreme Court through the provisions of section 90.403, Florida Statutes. See Riechmann v. State, 581 So.2d 133, 140 (Fla.1991). We therefore conclude that exclusion of a prior conviction as too remote for use as impeachment evidence in a criminal trial must meet the same test as required in a civil trial. Under that test, Gilbert's 1967 conviction can only be excluded if it has no bearing on his present character. Since Gilbert has continued to acquire felony convictions, it cannot be said that the 1967 conviction has no bearing on his present character. Thus, Gilbert's 1967 conviction is admissible for impeachment purposes.

Harmless Error
The State argues that, if the trial court erred by improperly excluding the certified copies of convictions, the error was harmless as defined by State v. DiGuilio, 491 So.2d 1129 (Fla.1986). For the trial court's error to be harmless, the State, as beneficiary, must "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." See Goodwin v. State, 751 So.2d 537, 541 (Fla.1999) (citations omitted). Gilbert was the State's eye witness, and he lied about both the number and nature of his convictions. Gilbert's testimony essentially eliminated Appellant's self defense and manslaughter arguments. The State compounded Gilbert's misrepresentation by using it to bolster his credibility during closing argument, and did so after seeing the certified copies indicating the nature and number of Gilbert's convictions. Had the jury known of Gilbert's false testimony as to his prior record, it is possible they would have evaluated his credibility differently, and may have acquitted Appellant, or convicted him of a lesser offense. Thus, the error is not harmless because it cannot be said, beyond a reasonable doubt, that it did not contribute to the verdict.

Disposition
Based on the foregoing, we reverse Appellant's conviction for first degree murder and remand for a new trial.
REVERSED AND REMANDED.
DAVIS and LEWIS, JJ., concur.
NOTES
[1] In Perez, the witness testified on cross-exam that he had been convicted of more than ten felonies. When asked if he had been convicted of more than twenty felonies, the witness answered "[t]hat would be a guesstimation." Defense counsel then attempted to introduce certified copies of the witness's eighteen prior felony convictions. The trial court sustained the State's objection and excluded the copies. On appeal, the Florida Supreme Court held the trial court erred by excluding the certified copies of the witness's prior convictions.