PER CURIAM.
 

 Willie C. Hall challenges the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
 

 After being convicted of robbery with a firearm, possession of or threat to use a hoax bomb, and four counts of aggravated assault, Hall filed a motion for post-conviction relief asserting ten grounds of ineffective assistance of counsel. We affirm the trial court’s denial of his motion in all respects, but write to briefly address Hall’s arguments that his counsel was ineffective for misadvising him of the consequences of testifying and failing to investigate or call certain alibi witnesses.
 

 Hall claims his trial counsel was ineffective for erroneously telling him that the jury would learn the specific details of his prior robbery conviction if he testified. At the evidentiary hearing on this claim, Hall testified that his trial counsel informed him that if he testified, he had to truthfully state the number of his prior felony convictions. This advice was correct because a witness who falsely testifies about the number of his prior felony convictions may be impeached with certified copies of his convictions.
 
 See Sneed v. State,
 
 397 So.2d 931, 933 (Fla. 5th DCA 1981);
 
 Howard v. Risch,
 
 959 So.2d 308, 313 (Fla. 2d DCA 2007). His counsel corroborated this statement and also indicated he told Hall that if he tried to mislead the jury or minimize his prior felony convictions, the prosecution could get into the
 
 *172
 
 specifics of his convictions. This advice also appeal's to be correct, because when a witness lies about the nature of his convictions, he is subject to further questioning to negate or dispel any false impressions that were given.
 
 Pryor v. State,
 
 855 So.2d 134, 136 (Fla. 1st DCA 2003).
 

 Hall’s claim that his trial counsel was ineffective because he failed to investigate Tangela Williams as an alibi witness is belied by the fact that she was listed as a defense witness and subpoenaed for trial. We also find no error in the denial of his claim that his trial counsel failed to call certain alibi witnesses. These witnesses were subpoenaed for trial and ready to be called on Hall’s behalf. However, Hall decided he did not want to call them.
 

 At trial, the trial court twice asked Hall if he wanted to call any witnesses on his behalf.
 
 [1]
 
 Each time he stated, “No, sir.” At the evidentiary hearing on his motion for postconviction relief, his trial counsel testified that he specifically asked Hall if he wanted his witnesses to testify and he responded negatively. A defendant may not claim his counsel was ineffective for failing to call witnesses when it was the defendant’s decision not to call them.
 
 See Thomas v. State,
 
 838 So.2d 535, 541 (Fla.2003) (affirming denial of ineffective assistance of counsel claim where trial court found that defendant agreed not to call a witness and thus, could not claim ineffective assistance of counsel based on his decision).
 

 AFFIRMED.
 

 PALMER, C.J., MONACO and COHEN, JJ., concur.
 

 [1]
 

 . Commendably, the trial court inquired of Hall as to whether he wanted to call any witnesses when his trial counsel rested without having called them.