THOMAS, J.
 

 Appellant appeals his judgment and sentence for trafficking in illegal drugs. He seeks reversal on two grounds, asserting: 1) the trial court erred by allowing the State to question a defense witness about his prior convictions; and 2) the State improperly bolstered its law enforcement witness during closing argument. We reverse as to the first ground for the reasons stated below. We affirm the second ground without further comment.
 

 Factual Background
 

 This case involved a prescription bottle containing a controlled substance that was retrieved from or near the front yard of the home of Appellant’s uncle, Kevin Du-cree. The arresting officer, a sheriffs deputy patrolling the area by bicycle, testified that he saw Appellant toss the prescription bottle as he approached Appellant’s vehicle, which was parked in front of the home. Appellant, Ducree, and another witness all testified that the bottle was placed there by someone else, with Ducree testifying that the culprit was another of his nephews.
 

 Faced with this conflicting testimony, the State attempted to impeach Ducree’s credibility, and the following exchange occurred between the prosecutor and Du-cree:
 

 Q. Now, Mr. Ducree, have you ever been convicted of a felony?
 

 A. Yes, I have.
 

 Q. How many times?
 

 A. Numerous of times.
 

 Q. You don’t know how many times?
 

 A. I think you mentioned it earlier.
 

 Q. Would eight times sound right?
 

 A. Could be right.
 

 Q. I’m sorry.
 

 A. It could be right.
 

 Q. Could be right. How about in 1993 you had—
 

 [Defense Counsel]: Objection, Your Honor.
 

 THE COURT: Overruled.
 

 Q. (Prosecutor) You had a conviction for insurance fraud, correct?
 

 A. Yes.
 

 Q. And then you also had two counts of uttering forged instruments, correct?
 

 A. That was along with the — yes.
 

 
 *1165
 
 Q. Right. But it’s two felony counts, uttering a forged instrument.
 

 A. Yes, yes.
 

 Q. Along with insurance fraud.
 

 A. Right. And then you also had in—
 

 [Defense Counsel]: Your Honor, I’m going to object to this. I mean, he said eight times.
 

 THE COURT: Overruled.
 

 Q. (Prosecutor) In 1994 you were convicted of battery on a law enforcement officer, correct?
 

 A. Sure.
 

 Q. And then you had two counts also in 1994 of resisting arrest with violence, correct?
 

 A. I guess so. You’re reading it off.
 

 Q. Yeah. And then in 1995, you were convicted of aggravated assault, correct?
 

 A. Okay. Okay.
 

 Q. They’re your convictions. I’ve got your fingerprints right here.
 

 THE COURT: Counsel, ask your questions, please.
 

 Q. (Prosecutor) And then finally in 2003 you were convicted of felony battery, correct?
 

 A. Okay. Has that been eight years ago? Seven, six years ago?
 

 Q. No. Battery on the law enforcement officer and resisting with violence. Would it be fair to say that you had something against police officers?
 

 [Defense Counsel]: I’m going to object to that.
 

 THE COURT: Sustained. Counsel.
 

 [Prosecutor]: I’ll withdraw it. No further questions.
 

 Appellant contends the trial court erred by overruling defense counsel’s objection to the State’s questions about Ducree’s prior convictions because this questioning was improper and procedurally incorrect. We agree.
 

 Analysis
 

 We review the trial court’s decision to allow the State to continue questioning Ducree concerning his prior convictions, over Appellant’s objections, for abuse of discretion.
 
 See White v. State,
 
 993 So.2d 611, 613 (Fla. 1st DCA 2008) (holding “[r]ulings regarding the admissibility of evidence are generally subject to an abuse of discretion standard of review.”).
 

 Section 90.610(1), Florida Statutes, provides:
 

 A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment....
 

 This court has held that pursuant to this evidentiary rule, “the prosecutor is permitted to attack the [witness’s] credibility by asking whether the [witness] has ever been convicted of a felony or a crime involving dishonesty or false statement, and how many times.”
 
 Gavins v. State, 587
 
 So.2d 487, 489 (Fla. 1st DCA 1991). The court explained, “If the [witness] admits the number of prior convictions, the prosecutor is not permitted to ask further questions regarding prior convictions, nor question the [witness] as to the nature of the crimes. If, however, the [witness] denies a conviction, the prosecutor can impeach him by introducing a certified record of the conviction.”
 
 Id.
 

 Here, the State contends that it was entitled to question Ducree about his convictions because he attempted to mislead the jury about his prior criminal record, and also because he “implied that he had previously been asked about his prior convictions when he had not.” In support of
 
 *1166
 
 this argument, the State points to Ducree’s statement that he had been convicted “numerous of times,” and when asked if “eight times sound[ed] right,” his response was, “Could be right.” Neither response was false, however. In addition, Ducree did not volunteer any incorrect information about the types of crimes he was convicted of committing. “[T]he prosecutor is not permitted to ask further questions regarding prior convictions, nor question the [witness] as to the nature of the crimes.”
 
 Gavins,
 
 587 So.2d at 489. Because Ducree did not deny his prior convictions or the number of convictions, and did not otherwise mislead the jury, the trial court erred by allowing the State to further question him regarding his felony record.
 

 Even if we agreed with the State that Ducree did not testify accurately about the existence or number of his prior convictions, this court’s opinion in
 
 Pryor v. State,
 
 855 So.2d 134 (Fla. 1st DCA 2003), still requires a finding of error. There, this court explained:
 

 The rule is simple. Certified copies of prior convictions are admissible to impeach a witness who falsely testifies as to the number of crimes for which he has been convicted.
 
 See
 
 § 90.610(1), Fla. Stat. (2001). The witness testifies falsely when the answer varies from the actual number of prior convictions. Thus, a witness who estimates the number of convictions, either above or below the actual number, testifies falsely and the certified copies are admissible.
 
 See Perez v. State,
 
 648 So.2d 715 (Fla.1995). [The witness] testified falsely by giving several different answers to questions regarding his past convictions. This false testimony permits the admission of the certified copies.
 

 Id.
 
 at 136 (footnote omitted). Here, the trial court erroneously allowed the State to question Ducree about his specific convictions rather than simply allowing into evidence the certified copies of those convictions.
 

 The State, however, relies on a different principle discussed in
 
 Pryor
 
 to support its argument that it was entitled to question Ducree about his prior convictions. “Where a witness attempts to mislead or delude the jury about his prior convictions, the witness is subject to further questioning concerning his convictions ‘in order to negate any false impression given.’ ”
 
 Id.
 
 (quoting
 
 Fotopoulos v. State,
 
 608 So.2d 784, 791 (Fla.1992)). In
 
 Pryor,
 
 on direct examination, the State asked their witness whether he had any prior convictions; the witness replied, “ ‘it’s been about 6 or 7 times, mostly for DUI and driving with no license and stuff like that.’ ” 855 So.2d at 135. On cross-examination, defense counsel asked the witness the number of his prior felony convictions; the witness replied,
 

 “It’s been about 5 DUIs.” Defense counsel asked: “DUI is not always a felony, are you counting that as a felony?” [The witness] replied: “Yeah, that’s after so many of them you go [sic], you know, they turn them into felony [sic] now. It’s a felony now if I just drive.” Defense counsel asked: “So you’ve got maybe 5 or 6 or 7 felony convictions?” [The witness] responded: “That’s why I don’t get up under the wheel of a vehicle. If I go anywhere I get somebody to carry me.”
 

 Id.
 
 Defense counsel sought to introduce into evidence certified copies of the witness’s
 
 eight
 
 felony convictions, and the trial court denied the request.
 
 Id.
 

 Addressing this denial, this court explained, “Not only did [the witness] testify falsely about the number of prior felony convictions, he also lied about the nature of those convictions.” Based on the foregoing, this court held that the trial court
 
 *1167
 
 erred by denying the admissibility of certified copies of the witness’s convictions because it “kept crucial information from the jury and prevented the defense from emphasizing [the witness’s] actual criminal background in response to the State’s closing argument.”
 
 Id.
 

 Significantly, in
 
 Pryor,
 
 the witness volunteered that he had prior felony convictions, but they were “mostly for DUI and driving with no license and stuff like that.” 855 So.2d at 135. It was this inaccuracy in both the number and type of convictions that allowed the defense to question him further regarding the felonies. Here, Du-cree volunteered nothing beyond confirming his prior felony convictions; thus, there was no reason to question him further for impeachment purposes. Furthermore, it is important to emphasize that in
 
 Pryor,
 
 once the defense confirmed the witness’s position on the number and types of convictions, it sought to impeach him by placing into evidence certified copies of the convictions. That is what the State should have done here.
 

 Consequently, the trial court here abused its discretion by allowing the State to continue questioning Ducree as to the exact nature of all eight of his convictions.
 
 See Rodriguez v. State,
 
 761 So.2d 381, 383 (Fla. 2d DCA 2000) (holding, “When the witness admits his or her convictions, a trial court errs by allowing the State to question the witness about the specific convictions. Even if [the witness] had been denied being previously convicted of a felony, the trial court would have erred by permitting the prosecutor to question [him] about his prior convictions. Rather, the prosecutor should have impeached [the witness] by entering into the record certified copies of his prior convictions.”) (citations omitted). Accord,
 
 Kyle v. State,
 
 650 So.2d 127, 127-28 (Fla. 4th DCA 1995).
 

 The remaining question for our consideration is whether the trial court’s error was harmless. Appellant argues it was not harmless because the verdict depended on the credibility of the police officer and the defense witnesses, whereas the State argues it was harmless because there was “overwhelming evidence of guilt” based on the officer having “observed appellant throw down the pill bottle when the officers arrived.” “The burden rests with the state, as the beneficiary of the error, to establish to the exclusion of all reasonable doubt that the error did not affect the verdict.”
 
 White,
 
 993 So.2d at 613.
 

 Although there was no dispute that the pill bottle was found in or near Ducree’s front yard, there was a dispute as to whether Appellant or his cousin put it there. Only the arresting officer testified that he saw Appellant toss the pill bottle, whereas Ducree, Appellant, and another witness all testified to the contrary. Although Ducree’s testimony was inconsistent at times, by allowing the State to question him concerning his prior convictions, the door was opened to an exchange regarding the nature of those convictions, thus likely prejudicing Appellant’s case. This is particularly so in light of the State’s comments during closing argument highlighting Ducree’s convictions of battery on a law enforcement officer and resisting with violence.
 

 Furthermore, the State’s assertion that Appellant’s conviction was based on “overwhelming evidence” is meritless. The State essentially relied on the testimony of a single witness, the arresting officer. Consequently, as Appellant correctly argues, “the verdict hinged on whether the jury believed [the arresting officer] or the defense witnesses.” Thus, the trial court’s error was not harmless.
 

 
 *1168
 

 Conclusion
 

 For the foregoing reasons, the judgment below is REVERSED and REMANDED for proceedings consistent with this opinion.
 

 BENTON, C.J., and DAVIS, J., concur.