[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2012
JOHN LEY
CLERK

No. 10-14484
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-00754-JTC, 1:05-cr-00479-JTC-AJB-3

CEDRIC LAMAR JACKSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 8, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Cedric Lamar Jackson, a counseled federal prisoner, appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate his conviction and sentence for conspiracy to commit several sex trafficking offenses. We granted a certificate of appealability on the issue of "[w]hether the district court erred by denying the claim that Jackson's plea was not knowing and voluntary as counsel was ineffective for failing to advise him that he would have to register as a sex offender if he pled guilty." Upon careful review of the record and the parties' briefs, we vacate and remand for additional fact-finding.[1]

To make a successful claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). The *Strickland* standard applies to a claim that a plea was not knowing and voluntary due to ineffective assistance of counsel. *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985). Accordingly, where a defendant enters a plea based on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 369 (quotations omitted). Moreover, a defendant who pled

---

[1] We review *de novo* a claim of ineffective assistance of counsel, which is a mixed question of law and fact. *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009).

guilty satisfies the prejudice standard of *Strickland* by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 370.

Jackson contends, under the reasoning of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), and *Bauder v. Dep't of Corr.*, 619 F.3d 1272 (11th Cir. 2010), his counsel's erroneous advice that he would not have to register as a sex offender if he pled guilty to the conspiracy charge constituted constitutionally deficient performance.  However, the district court did not reach the factual determination of whether Jackson's counsel misadvised him regarding the sex offender registration consequences of pleading guilty.  Moreover, although Jackson claims he would not have pled guilty but for counsel's alleged misadvice, the district court did not reach the factual determination of whether rejecting the plea bargain would have been rational under the circumstances.  *See Padilla*, 130 S. Ct. at 1485 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

If Jackson cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail. Additional fact-finding by the district court is therefore required.  *See Aron v.*

3

*United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (noting that, if a § 2255 movant alleges facts that, if true, would entitle him to relief, the district court should order an evidentiary hearing and rule on the merits of his claim). If Jackson can meet his burden on these factual issues, the court should then examine whether *Padilla* is retroactively applicable here, and, if so, determine how *Padilla* and *Bauder* apply to the facts as established.[2]

**VACATED and REMANDED.**[3]

---

[2] We pass no judgment on whether the district court should believe or disbelieve Jackson's assertions that he would not have pled guilty had counsel advised him that he would be required to register as a sex offender.

[3] The Government's motion to supplement the record is DENIED.