[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

No. 11-10902
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cv-01964-VMC-EAJ


LARRY W. ARGO,

                                                    Petitioner-Appellant,

                        versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 23, 2012)


Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Larry Argo, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We granted a certificate of appealability (COA) on a single issue:

> Whether the district court erred by finding that the state court's denial of Argo's claim–that his trial counsel was ineffective for failing to correctly advise Argo, the prosecution, and the court that he was being charged with a second degree felony, not a first degree felony as listed in the indictment–was not contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts.

After a thorough review of the record, we affirm.

I. Argo's state conviction

On October 4, 2000, Argo was charged by Information with attempted robbery with a deadly weapon (a knife) and driving with a suspended license.[1] The Information incorrectly listed the robbery offense as a first-degree felony and cited Fla. Stat. Ann. §§ 812.13(2)(a) and 777.04.[2]

---

[1] Argo's conviction for driving with a suspended license is not at issue in this appeal, and thus we do not discuss it further.

[2] Subsection (2)(a) of § 812.13 covers robbery with a deadly weapon and identifies this crime as a first-degree felony subject to life imprisonment. Subsection (2)(b) covers robbery with a weapon and identifies this crime as a first-degree felony. Subsection (2)(c) covers robbery without the use of a weapon and identifies this crime as a second-degree felony. Section 777.04 is the statute for attempt crimes and provides that an attempt to commit a first-degree felony is classified as a second-degree felony.

At trial, the victim testified that Argo displayed a switch-blade type knife during the robbery. The court instructed the jury that

> [i]f you find that the defendant carried a knife . . . and that the knife was a deadly weapon, you should find him guilty of attempted robbery with a deadly weapon. If you find that the defendant carried a weapon that was not a deadly weapon, you should find him guilty of attempted robbery with a weapon. If you find that the defendant carried no weapon . . . but did commit the robbery, you should find him guilty of only attempted robbery.

The jury convicted Argo of attempted robbery with a weapon, which was a lesser-included offense to the charged offense of attempted robbery with a deadly weapon. The court sentenced Argo to the mandatory minimum sentence of fifteen years' imprisonment.

Argo's conviction was affirmed on direct appeal. Argo then filed a state habeas petition alleging ineffective assistance of counsel. The claim was denied without discussion. Thereafter, Argo filed state motions for post-conviction relief under Florida Rule of Criminal Procedure 3.850 and 3.800(a), both of which were denied. Argo filed a second Rule 3.850 motion in which he argued that the offense for which he was charged in the Information was a second-degree felony, and not a first-degree felony as his counsel had advised him. Argo explained that he learned of the error when he obtained a correct copy of his Information in 2004. Based on this information, Argo claimed that counsel was ineffective for failing to

3

(1) recognize that the charged offense was a second-degree felony; (2) properly advise Argo of the crime for which he had been charged; and (3) ensure the jury instructions cited the correct lesser-included offenses.

The state court conducted an evidentiary hearing at which Argo and his former counsel, Bruce Johnson, testified. Johnson stated that, at the time of Argo's trial, the parties and the court understood Argo's offense to be a first-degree felony, which carried a thirty-year sentence, and the Information had identified the offense as a first-degree felony. He noted that the state offered Argo a plea deal in exchange for a fifteen-year sentence. Johnson could not say what, if any, plea deal there would have been had the parties understood the offense was actually a second-degree felony. At some point after the trial, the Information was amended to reflect that the charge was actually a second-degree felony. Johnson stated that the degree of the offense had no impact on his preparation for trial or his strategy.

Argo testified that he specifically asked Johnson about the offense and the difference between first- and second-degree charges. He explained that the fifteen-year plea deal the state had offered him seemed too severe, so he did not accept it. He also had not believed that the state could prove that the pocket knife he had used during the robbery was a deadly weapon, and therefore, he had not

4

wanted to enter into a plea deal. But Argo stated that, had everyone understood the offense was a second-degree felony, he would have accepted a deal if the offer was less than fifteen years' imprisonment.

The state court denied relief, finding that Argo had not shown a reasonable probability that the outcome of the proceedings would have been different had Johnson properly understood the offense to be a second-degree felony. Specifically, the court stated that there was no evidence that the state would have offered a plea deal of less than fifteen years, and it was speculation that Argo would have accepted any such deal. Addressing counsel's failure to object to the inclusion of an improper lesser-included offense, the court found that the offense of attempted robbery with a weapon was a necessary-included offense of attempted robbery with a deadly weapon. But, although the court agreed that a challenge to the jury instruction and verdict form would have been proper, the court nevertheless concluded that Argo could not show either that counsel's performance was deficient or that Argo was prejudiced because he was, in fact, acquitted of the charged offense. The court found no evidence that Argo would have been convicted of armed robbery had such a crime been included on the verdict form as the lesser-included offense. The court further noted that Argo's status as a repeat offender subjected him to a mandatory fifteen-year term, and that

5

the state's initial intent to seek an enhanced penalty made it less likely it would have offered a plea deal with a lower sentence. Accordingly, the state court denied relief.

Argo appealed, and a state district court of appeals affirmed without discussion. Argo then filed the instant federal habeas petition.

II. Argo's § 2254 petition[3]

In his petition, Argo alleged, among other claims, ineffective assistance of counsel based on counsel's failure to ascertain that the charged offense, attempted robbery with a deadly weapon, was not a first-degree felony. The state responded that Argo was correctly charged under the relevant statute, and that he has not shown prejudice from counsel's alleged acts.

The district court determined that the state court's conclusion that Argo did not show prejudice was reasonable and entitled to deference. The district court denied Argo's request for a COA; we then granted a COA on a single ineffective-assistance claim.

III. Argo's appeal

Argo argues that he suffered prejudice because, had the verdict form not

---

[3] Argo's original § 2254 petition was stayed pending his return to state court to exhaust certain claims. After his case was reopened, Argo filed an amended § 2254 petition. It is this amended petition that we consider.

included attempted robbery with a weapon as a lesser-included offense, the jury would have necessarily convicted him of the lesser-included offense of attempted robbery, a third-degree felony. Argo also asserts that, had counsel recognized and communicated Argo's proper sentencing exposure, the state would have made a more favorable plea offer, which he would have accepted. Argo contends that the state court held his attempts to prove prejudice to a standard of certainty, rather than the proper reasonable probability standard. Alternatively, Argo contends that his counsel's ineffectiveness was tantamount to constructive denial of counsel, and because no counsel could have provided effective assistance without a correct understanding of the possible penalties, he is entitled to a presumption of prejudice.

We review *de novo* a district court's denial of a § 2254 petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Our review of the state court's judgment is highly deferential, and we may only grant habeas corpus relief if the state court's determination of a federal claim was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court; or (2) based upon an unreasonable determination of the facts in light of the evidence presented at the state court proceedings. 28 U.S.C. § 2254(d); *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1255 (11th Cir. 2009).

We presume the state court's determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is contrary to the U.S. Supreme Court's clearly established precedent if the state court applies a rule that contradicts the governing law as set forth in the U.S. Supreme Court's cases.  *Atwater v. Crosby*, 451 F.3d 799, 804 (11th Cir. 2006).  The "unreasonable application" clause will permit us to grant relief if the state court identifies the correct legal principle, but unreasonably applies it to the facts of the case.  *McGahee*, 560 F.3d at 1256.  In determining unreasonableness, we do not ask whether the state court decided an issue correctly, but only whether the court's decision was objectively unreasonable. *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1256 (11th Cir. 2002).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, a defendant must show that counsel acted unreasonably in light of prevailing professional norms.  *Id.* at 688.  To establish prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome.  *Id.* at 694.  If the defendant cannot satisfy the

prejudice prong, we need not address the deficient performance prong, and vice

versa.  *Id.* at 697.  We have held that counsel's affirmative misadvice can

constitute ineffective assistance.  *Bauder v. Dept. of Corr., Fla.*, 619 F.3d 1272,

1274-75 (11th Cir. 2010).

Here, the district court afforded the proper deference to the state court's

conclusions and we affirm the denial of habeas relief.  Argo does not argue that

the state court identified the wrong legal principle; therefore, the only question is

whether the state court's application of *Strickland* in this case was unreasonable.

*McGahee*, 560 F.3d at 1256.

The state court concluded that Argo did not suffer prejudice at the plea

bargaining stage.  Argo has failed to demonstrate that this conclusion was

objectively unreasonable.  Johnson testified that the error with regard to the felony

level did not affect his preparation or strategy.  *See Strickland*, 466 U.S. at 694.

Although it is possible that the state would have offered a plea deal with a lower

sentence had all parties been properly apprised of the correct felony level, Argo

has offered only speculation to suggest that such an offer would have been

forthcoming.  Such speculation is insufficient to demonstrate that the state court's

9

conclusions were unreasonable. Similarly, the state court reasonably concluded that Argo's after-the-fact assertion that he would have accepted a lower offer was speculative and was belied by his testimony that he decided to proceed to trial because he did not believe the state could prove its case. Nothing in the record indicates that the state court held Argo to a standard higher than reasonable probability in his attempt to prove that the result of the proceeding would have been different but for his counsel's error. *See id.*

Moreover, regarding the jury instruction and verdict form, Argo failed to show that he suffered prejudice. The state court concluded that it was pure speculation that the jury would have convicted Argo of the lesser-included offense of armed robbery. This finding is objectively reasonable, and therefore the district court did not err in according it deference. *See Wright*, 278 F.3d at 1256.

Finally, Argo has also failed to establish that a presumption of prejudice was appropriate. In a case decided the same day as *Strickland*, the Supreme Court held that, in certain limited situations, a defendant may establish a violation of a right to effective assistance of counsel without having to prove prejudice. *Cronic*, 466 U.S. 648, 658-60 (1984). This presumption of prejudice would generally apply in four situations: (1) when the defendant is completely denied counsel; (2) when counsel is denied during a critical stage of the proceeding; (3) when

counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (4) when no competent lawyer, even if available, could likely provide adequate representation. *Id.*; *Conklin v. Schofield*, 366 F.3d 1191, 1201 (11th Cir. 2004). Argo has failed to demonstrate that his case is one of the rare instances in which no counsel could have provided effective assistance. Given Johnson's testimony that the error with regard to the felony level did not affect his trial preparation and strategy, this is not such a case.

**AFFIRMED.**