IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICHOLAS ALAN NEHRING,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3252

_____/

Opinion filed August 7, 2017.

An appeal from an order of the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

GRIFFIS III, STANLEY H., ASSOCIATE JUDGE.

     Appellant raises two issues on appeal. He argues that the trial court erred by failing to enter a written order determining his competence to stand trial, and he argues that the court abused its discretion when it allowed the state to impeach his only witness with seventeen-year-old felony convictions.

First, the trial court is required to enter a written order of competency. *Mullens v. State*, 197 So. 3d 16, 37 (Fla. 2016). The trial court orally found Appellant competent to stand trial, but it failed to enter a written order memorializing that finding. Therefore, we remand for the trial court to enter a written order of competency nunc pro tunc. *See id.* at 37–38.

Next, Appellant argues that the court should not have allowed the state to impeach his only witness with felony convictions that were at least seventeen years old. The Florida rules of evidence allow a party in a civil trial to impeach a witness with a prior felony conviction or any conviction for a crime of dishonesty so long as the conviction is not so remote in time as to have no bearing on the present character of the witness. § 90.610(1)(a), Fla. Stat. (2016). The same rule applies in criminal trials. *Pryor v. State*, 855 So. 2d 134, 137 (Fla. 1st DCA 2003). In the Federal Rules of Evidence, a felony conviction is admissible to impeach a witness who is not the defendant so long as its probative value is not substantially outweighed by its prejudicial effect.[1] Fed. R. Evid. 609(a)(1). However, if more than ten years have passed since the witness was released from confinement for any conviction, the test for admissibility is inverted, meaning the conviction is admissible only if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b).

---

[1] This balancing test does not apply to a conviction for a crime of dishonesty. Fed. R. Evid. 609(a)(2).

Florida lacks this inverted balancing test for remote convictions. *Trowell v. J.C. Penney Co., Inc.*, 813 So. 2d 1042, 1043 (Fla. 4th DCA 2002). The only test for the admissibility of a prior conviction is whether the conviction has any bearing on the witness's credibility. *See Pryor*, 855 So. 2d at 136–37. The remoteness of the conviction will most certainly be a factor in determining whether it bears on the witness's credibility, but there is no bright-line rule for when a conviction becomes too remote to bear on the witness's credibility. The determination is within the trial court's discretion, *see Trowell*, 813 So. 2d at 1044, and a trial court abuses its discretion only when its decision is arbitrary or fanciful. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

In this case, the witness had four felony convictions, one of which was for a crime of dishonesty. Though the convictions were rather remote in time, this Court is unable to say that the court's decision to allow them was arbitrary or fanciful. Thus, we affirm Appellant's judgment and sentence but remand for the trial court to enter an order nunc pro tunc finding Appellant competent to stand trial.

AFFIRMED and REMANDED with instructions.

WOLF and ROWE, JJ., CONCUR.