[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10931
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01964-GKS-DCI


AARON PRESTON,

                                                    Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 13, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Preston, convicted in state court of second-degree murder and sentenced to life in prison, appeals the district court's denial of his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") on the questions whether counsel rendered ineffective assistance (1) by improperly advising Preston whether to testify at trial or (2) by failing to move for a mistrial and request that the trial judge recuse herself. We consider those issues in turn. The facts of the case are known to the parties; we will not repeat them here.

## I

We review a district court's denial of a habeas corpus petition under § 2254 *de novo*, but we give deference to the state court's decision. *Davis v. Jones*, 506 F.3d 1325, 1331 (11th Cir. 2007). We review mixed questions of law and fact, such as those that arise in an ineffective-assistance claim, *de novo*, and we review any underlying factual findings by the district court for clear error. *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013). In a § 2254 proceeding, the state court's factual determinations are presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Marquard v. Sec., Dep't of Corr.*, 429 F.3d 1278, 1303 (11th Cir. 2005).

2

When reviewing the merits of a claim that was previously adjudicated in state court, federal courts may not grant habeas relief unless the state court's adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts based on the evidence presented to the state court. 28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

To state a claim for ineffective assistance of counsel, a criminal defendant must satisfy the two-pronged test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). In particular, he must establish both (1) that counsel's performance was deficient and (2) that he was prejudiced by counsel's deficient performance. *Id.* at 687. Performance is deficient only when it falls below an objective standard of reasonableness and is outside the wide range of professionally competent assistance. *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 928 (11th Cir. 2011). Even on direct review, consideration of counsel's performance is highly deferential; a reviewing court will presume that counsel's conduct fell within the range of reasonable professional assistance unless the defendant demonstrates that no competent counsel would have taken the same action. *Id.* Counsel is not

3

incompetent so long as the particular approach that he took could be considered sound strategy. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*).

To establish *Strickland*'s prejudice prong, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding; rather, he must show that the result would have been different. *Id.* at 693.

Importantly here, when *Strickland*'s deferential standard for measuring attorney performance is viewed through the lens of § 2254's own highly deferential standard, they combine to produce a doubly deferential form of review that asks only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. This "double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a habeas proceeding." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013).

**II**

4

Preston first argues that his trial counsel rendered constitutionally ineffective assistance by advising him that he should not testify at trial. In particular, Preston contends that his counsel erroneously advised him that he should not testify because, if he did, the state would be able to question him about his prior convictions. Preston asserts that, but for counsel's advice, he would have testified and explained the events that led to the killing in question in a way that would have supported a self-defense theory and resulted in an acquittal.

The district court did not err in concluding that Preston failed to show that there was no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. It is true that we have held that a criminal defendant's trial counsel performs deficiently if he gives affirmative misadvice. *Bauder v. Dept. of Corr. State of Fla.*, 619 F.3d 1272, 1275 (11th Cir. 2010). Here, though, Preston has not established—and certainly has not established beyond "reasonable argument"—that his lawyer's advice was incorrect. Although Preston is right that Florida law typically prevents the state from asking questions about the specifics of a criminal defendant's prior convictions, the state nonetheless could have asked Preston about his criminal history generally, and could have elicited specifics if Preston opened the door. In particular, under Florida law, a party may attack the credibility of any witness, including the accused in a criminal prosecution, with evidence that he has been convicted of a

5

felony or a crime that involved dishonesty or a false statement. *Stallworth v. State*, 53 So. 3d 1163, 1165 (Fla. 1st Dist. Ct. App. 2011). The witness may be asked whether he has ever been convicted of such a crime and, if so, how many times. *Id.* If the witness responds truthfully, the questions about his criminal history must cease, but if he denies a conviction, he may be impeached with a certified record of the conviction. *Id.* Preston's counsel, therefore, did not give him any affirmative misadvice because he was correct that Preston's criminal history could come out if he testified and, further, that the details of that history could come out if Preston opened the door.

Preston's ineffective-assistance claim is further undermined by the facts (1) that the trial court told him (accurately) that his prior history could come out if he testified and (2) that Preston indicated that he understood. The trial court also explained Preston's right to testify to him and emphasized that the final decision was up to him, but Preston responded that he did not want to testify. Indeed, on appeal, Preston seems to concede that, at the very least, the jury would have learned that he was a convicted felon if he testified. Under these circumstances, Preston did not establish that there was not even "any reasonable argument" that counsel satisfied *Strickland*'s deferential standard by advising him not to testify. *Harrington*, 562 U.S. at 105.

Moreover, even if counsel had misadvised Preston, he has not established—as he must—that there is no "reasonable argument" that he did not suffer prejudice as a result. The facts that Preston says he would have testified to in order to support his claim of self-defense were largely duplicative of the balance of the evidence at trial. He claims that he would have added a few details—for instance, that the victim had a tire iron and directed someone else to get a shotgun, and that Preston and the victim were struggling over a gun when Preston shot him. These differences, though, do not clearly establish a reasonable probability that the outcome would have been different, particularly where the other testimony already showed that the victim and/or his friends had a tire iron and boat paddle during the incident. *See Strickland*, 466 U.S. at 693–94 (emphasizing that it is not enough to show that the error may have had some conceivable effect on the outcome). Moreover, as already explained, if Preston had testified, he would have been subject to cross-examination and the jury would have learned that he had a criminal history, which could have damaged his credibility and undermined his self-defense claim. Accordingly, on the facts here, Preston has not shown—certainly not to a degree that might satisfy § 2254's stringent standard—that the outcome of his trial would have been different had he testified.

**III**

Preston next argues that his trial counsel rendered ineffective assistance by failing to move for a mistrial and request that the trial judge recuse herself.  In particular, Preston contends that his lawyer should have moved for a mistrial and the trial judge's recusal on the grounds that the judge reprimanded his lawyer several times in front of the jury, glared at his lawyer, and had a "personal vendetta" against counsel—all of which, Preston contends, undermined the fairness of the trial.

Defendants have the right to an impartial jury and judge.  *Wellons v. Warden, Ga. Diagnostic and Classification Prison*, 695 F.3d 1202, 1211 (11th Cir. 2012).  In particular, due process requires a jury that is willing to decide the case solely on the evidence before it, and a trial judge who is watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.  *Id.*  There are a few situations in which the probability of a judge's actual bias is too high to be constitutionally tolerable—for instance, where the judge has a pecuniary interest in the outcome of the case.  *Whisenhant v. Allen*, 556 F.3d 1198, 1209 (11th Cir. 2009).  When, as here, a judge is alleged to have demonstrated bias based on comments made during trial, those comments must be pervasive and prejudicial.  *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).  Neither rulings adverse to a party nor friction between the court and counsel constitute pervasive bias.  *Id.*  Where a judge reprimands counsel

8

for failing to follow established rules, and where those reprimands were largely given out of the presence of the jury, the court has not displayed bias sufficient to warrant recusal.  *United States v. Pritchett*, 908 F.2d 816, 819 n.4 (11th Cir. 1990).

Here, Preston did not establish that there was no "reasonable argument" (1) that his lawyer satisfied *Strickland*'s deferential standard in declining to move for a mistrial or seek the judge's recusal or (2) that he was prejudiced by his lawyer's failure to do so.  *Harrington*, 562 U.S. at 105.

First, it is not beyond "reasonable argument" that Preston's lawyer performed deficiently by failing to move for a mistrial or recusal.  *Harrington*, 562 U.S. at 105.  For starters, those motions had no reasonable likelihood of success. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (counsel is not required to raise meritless arguments).  Although the trial judge admonished Preston's counsel on several occasions, the majority of those instances were outside the hearing of the jury.  The few instances in which the judge admonished Preston's lawyer in front of the jury pertained to the conduct of the trial, not to "extrajudicial sources."  *Hamm*, 708 F.2d at 651.  In any event, any supposed friction between the court and Preston's counsel did not constitute the required "pervasive" bias, and the court's reprimands that occurred in front of the jury did not represent bias because (in context) they were merely "gentle reminders."  *See id.* (friction between the court and counsel could not constitute pervasive bias);

9

*United States v. Pritchett*, 908 F.2d 816, 819 n.4 (11th Cir. 1990) ("gentle reminders" in front of the jury do not represent bias).  Similarly, under established Florida law, the trial judge was permitted to reprimand Preston's counsel in front of the jury because he had continually failed to follow the judge's orders.  *Gomez v. State*, 751 So. 2d 630, 633 (Fla. 3d Dist. Ct. App. 1999).

Moreover, and in any event, although Preston's lawyer did not move for a mistrial or recusal during the trial, he did file a motion for a new trial after the trial ended.  Counsel's strategic decision to refrain from asking for a mistrial and instead to move for a new trial after the conclusion of the proceedings was reasonable here, particularly given the tension that had developed between him and the trial judge.  *See United States v. Burke*, 257 F.3d 1321, 1324 (11th Cir. 2001) (decision to refrain from asking for a mistrial is a tactical decision entrusted to defense counsel).  Under these circumstances, Preston did not establish that there was no "reasonable argument" that counsel satisfied *Strickland*'s deferential standard.  *Harrington*, 562 U.S. at 105.

Nor has Preston established that there is no "reasonable argument" that he suffered no prejudice as a result of his lawyer's decision.  As already explained, most of the trial judge's admonishments occurred outside the presence of the jury, and those that the jury heard qualify (again, in context) as "gentle reminders."  The judge also carefully instructed the jurors that the lawyers were not the ones on trial

10

and that their feelings about the lawyers should not influence their decision in the case. Finally, when Preston's lawyer told the trial judge that she had been shaking her head and glaring, the court disagreed and explained that she had been watching the jury to protect against prejudice. The judge reiterated the same points when she denied Preston's motion for a new trial. And, of course, the court's denial of the new-trial motion further indicates that a mistrial motion or recusal motion likewise would have failed. Under these circumstances, Preston has not shown that there was no "reasonable argument" that he suffered no prejudice as result of his lawyer's failure to move for a mistrial or recusal.

## IV

Finally, Preston raises three additional ineffective-assistance claims, but they are beyond the scope of the COA granted by the district court. Appellate review is limited to the issues specified in the COA. *See, e.g.*, *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010).

To the extent that Preston now contends that the COA should have been expanded to include other issues in his § 2254 petition, the time for seeking that relief has passed. Preston filed a motion to expand the COA with this Court, arguing that a COA should have been granted on each of his other claims as well. This Court denied his motion. Preston subsequently moved for an extension of time to file a motion for reconsideration of the denial of his motion to expand the

11

COA.  This Court granted Preston a 14-day extension, but Preston never filed a motion for reconsideration.  He cannot resurrect that argument now.

**AFFIRMED.**